United States District Court

Eastern District of California

|  |  |
|---|---|
| Irvin T. Tatum, | |
|     Plaintiff, | No. Civ. S 03-0324 FCD PAN P |
| vs. | Order |
| Cheryl K. Pliler, et al., | |
|     Defendants. | |

-oOo-

Plaintiff claims that defendants Pliler, Rosario, Vance, Connor, Murphy, Rodgers and Lytle respond to isolated disturbances by (1) segregating black prisoners and placing them on "lock down" in violation of the Equal Protection Clause of the Fourteenth Amendment; defendants Pliler, Rosario, Vance and Conner respond to isolated disturbances by (2) restricting black prisoners' visitation privileges in violation of the Equal Protection Clause of the Fourteenth Amendment; (3) by restricting blacks' canteen privileges in violation of the Equal Protection

Clause of the Fourteenth Amendment; (4) restricting blacks' privilege of receiving packages by mail in violation of the Equal Protection Clause of the Fourteenth Amendment; defendants Pliler and D. Hasad (5) have refused to maintain current resources in the law library in violation of the Equal Protection Clause of the Fourteenth Amendment; defendant W. Haythorne has (6) denied plaintiff a nutritiously balanced diet in violation of the Equal Protection Clause of the Fourteenth Amendment; defendants C. Pliler and T. Rosario (7) maintain a policy prohibiting plaintiff from eating in the dining hall in violation of the Equal Protection Clause; defendants S. Vance, D. Connor, A. Murphy, C. Rodgers and Lytle (8) have denied plaintiff time for exercise in violation of the Equal Protection Clause of the Fourteenth Amendment; all defendants (9) deny plaintiff access to meaningful rehabilitative programs in violation of the Equal Protection Clause of the Fourteenth Amendment.

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), plaintiff moves to compel defendants to respond to interrogatories and requests for production of documents. Pursuant to Fed. R. Civ. P. 36(a), plaintiff moves for a determination of the sufficiency to answers and objections to requests for admissions. Defendants oppose.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Information sought need not be admissible at trial if the discovery is reasonably calculated to lead to the discovery of admissible evidence. Id. The court may

1 limit discovery if it determines the discovery sought is
2 unreasonably cumulative or obtainable from a more convenient or
3 less expensive source, the party seeking discovery had ample
4 opportunity to obtain the information sought, or the burden or
5 expense of the proposed discovery outweighs its likely benefit.
6 Fed. R. Civ. P. 26(b)(2).  A party has a continuing duty to
7 supplement, correct or amend discovery responses if the court so
8 orders or if the party learns the responses were in some material
9 respect incorrect or incomplete and the information has not
10 otherwise been made available to other parties.  Fed. R. Civ. P.
11 26(e)(2).
12     The court has reviewed all plaintiff's requests.  Plaintiff
13 has not demonstrated how the requested photographs and
14 information would lead to admissible evidence relevant to any
15 material factual dispute and many of the requests appear to have
16 been made only to obtain information that obviously would violate
17 prison security interests.  The requests constitute an abuse of
18 the discovery rules which will be severely punished if repeated.
19     Accordingly, plaintiff's October 15, 2004, and February 25,
20 2005, motions to compel are denied.
21     So ordered.
22     Dated:  June 2, 2005.

             /s/ Peter A. Nowinski
             PETER A. NOWINSKI
             Magistrate Judge