United States District Court

Eastern District of California

Irvin Tatum,

    Plaintiff,                    Civ. No. S-03-0324 FCD PAN P

  vs.                          Order on Request for Counsel

Cheryl K. Pliler, et al.,

    Defendants.

-oOo-

    Plaintiff is a state prisoner proceeding without counsel. May 4, 2005, plaintiff moved for appointment of counsel.

    In proceedings that do not threaten a litigant with loss of physical liberty, there presumptively is no right to appointed counsel. Lassiter v. Department of Social Services, 452 U.S. 18, 26-27 (1981). Section 1915(e)(1) of Title 28 confers discretion upon the court to request counsel represent an indigent civil litigant. Mallard v. District Court, 490 U.S. 296 (1989).

    In deciding whether to appoint counsel the court exercises

Case 2:03-cv-00324-FCD-EFB   Document 46   Filed 06/03/05   Page 2 of 3

1  discretion governed by a number of factors, including the
2  likelihood of success on the merits and the applicant's ability
3  to present his claims in light of their complexity.  <u>Weygandt v.</u>
4  <u>Look</u>, 718 F.2d 952, 954 (9th Cir. 1983); <u>see also</u>, <u>LaMere v.</u>
5  <u>Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987).  Ordinarily the
6  presumption of regularity in the state's procedures for confining
7  prisoners suggests a lack of likely success and counsels against
8  appointment of counsel.  <u>See</u> <u>Maclin v. Freake</u>, 650 F.2d 885, 887
9  (7th Cir. 1981).  As a general rule, the court will not appoint
10 counsel unless the applicant shows his claim has merit in fact
11 and law.  <u>Id.</u>  Even if the applicant overcomes this hurdle, the
12 court will not appoint counsel if the law is settled and the
13 material facts are within the plaintiff's possession, viz., they
14 do not require investigation outside the prison walls.  <u>Id.</u> at
15 887-88.
16      Here, plaintiff alleges his constitutional rights were
17 violated when black prisoners were placed on lockdown, black
18 prisoners' canteen and visitation privileges were restricted,
19 prison officials failed to maintain current resources in the law
20 library, plaintiff was denied proper nutrition, as a matter of
21 policy plaintiff was prohibited from eating in the dining hall,
22 plaintiff was denied adequate exercise and plaintiff was denied
23 access to meaningful rehabilitative programs in violation of the
24 Equal Protection Clause of the Fourteenth Amendment.  The law
25 governing these issues is settled and investigation outside
26 the prison walls is unnecessary to discover material facts.

2

1  There is, on the record before the court, no reason to believe
2  appointment of counsel would be of significant benefit.
3       Plaintiff's May 4, 2005, request for the appointment of
4  counsel therefore is denied.
5       So ordered.
6       Dated:  June 2, 2005.

                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge