IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRVIN T. TATUM,

        Plaintiff,                      No. CIV S-03-0324 FCD EFB P

    vs.

CHERYL K. PLILER, et al.,

        Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the February 24, 2003, complaint. On June 11, 2007, the court denied plaintiff's motion for partial summary judgment and granted in part defendants' motion for summary judgment. Remaining for trial is plaintiff's claim that defendants Pliler, Rosario, Vance, Connor, Murphy, Rodgers and Lytle imposed lockdowns on October 3, 2002, and on December 28, 2002, in violation of plaintiff's right to equal protection of the law. On August 9, 2007, plaintiff filed a six-page pretrial statement and a five-page motion to compel the attendance of witnesses at trial. Plaintiff now moves for a temporary restraining order and a preliminary injunction. He seeks an order directing "prison officials" to permit plaintiff to purchase paper from the prison law library and to locate lost documents he submitted for photocopying so that he can submit them to this court. For the reasons explained

1

1  below, the court finds that plaintiff is not entitled to the relief he seeks.

2      A temporary restraining order is available to an applicant for a preliminary injunction
3  when the applicant may suffer irreparable injury before the court can hear the application for a
4  preliminary injunction.  Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for
5  hearing at earliest possible time after entry of temporary restraining order); *Granny Goose*
6  *Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*,
7  415 U.S. 423, 439 (1974) (temporary restraining order issued in state court expired ten days after
8  action was removed to federal court); Wright, Miller & Kane, *Federal Practice &*
9  *Procedure*, § 2951 (2d ed. 1995).  The court addresses the need for an injunction herein and,
10 accordingly, a temporary restraining order pending that ruling is unnecessary.

11     A preliminary injunction will not issue unless necessary because threatened injury would
12 impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc. v.*
13 *Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871
14 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a very far reaching
15 power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter,*
16 *Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  The Ninth Circuit standards for preliminary injunctive
17 relief are well established:

18 > "The purpose of a preliminary injunction is to preserve rights
> pending resolution of the merits of the case by the trial." *Big*
19 > *Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir.
> 1989).  A preliminary injunction is appropriate "where plaintiffs
20 > demonstrate either: (1) a likelihood of success on the merits and
> the possibility of irreparable injury; or (2) that serious questions
21 > going to the merits were raised and the balance of hardships tips
> sharply in their favor." *Sw. Voter Registration Educ. Project v.*
22 > *Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344
> F.3d at 917 (internal quotation marks and citations omitted).  "The
23 > irreducible minimum is that the moving party demonstrate a fair
> chance of success on the merits or questions serious enough to
24 > require litigation.  No chance of success at all will not suffice."
> *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753
25 > (9th Cir. 1982) (internal punctuation and citations omitted).

26 *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006).  If the balance

of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Plaintiff asserts that he drafted objections to this court's findings and recommendations on the parties' summary judgment motions and submitted them to the prison law library for photocopying, but the objections were lost. He further asserts that he lacks access to paper unless he borrows it because he cannot purchase paper from the canteen while he is in administrative segregation. Plaintiff fails to demonstrate he is entitled to the relief he seeks. First, he does not identify a party or a non-party acting in concert with a party who has violated his rights. *See*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (Only parties or non-parties with notice who are shown to be in active concert or participation with defendants may be enjoined under Federal Rule of Civil Procedure 65.). Second, he obviously obtained paper to draft the instant motion. He also obtained paper to draft a pretrial statement and motion for an order to compel the attendance of witnesses, even though he had not yet been ordered to file these documents. He offers no explanation for why he drafted these documents but did not also, or instead, re-write and file objections to the findings and recommendations. Under these circumstances, the court cannot find that the alleged conduct created either a possibility of irreparable injury or a balance of hardships that tipped sharply in his favor. Thus, the motion must be denied.

////

////

Accordingly, it is hereby recommended that plaintiff's August 6, 2007, motion for a preliminary injunction and a temporary restraining order be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 18, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4