1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   IRVIN T. TATUM,

11          Plaintiff,                    No. CIV S-03-0324 FCD EFB P

12   vs.

13   CHERYL PLILER, et al.,

14          Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Currently pending before the court are plaintiff's objections to the December 19,

18   2008, pretrial order.  For the reasons explained below, the objections are overruled.

19          Plaintiff's first two objections are related.  He objects that in summarizing the parties'

20   claims and contentions, the court referred to racial riots and gangs when plaintiff never raised a

21   claim about riots and it was not an issue on summary judgment.  He also objects that his central

22   claim is that the defendants have created and enforced race-based policies with respect to placing

23   prisoners on lockdown.  These objections are not well-taken at this point in the proceedings.  In

24   the findings and recommendations on the motions for summary judgment, the magistrate judge

25   clearly enumerated what he understood to be plaintiff's claims.  Dckt. # 63 at 1.  The magistrate

26   judge also noted that plaintiff's complaint was unclear about specific evidence in

1    support of the equal protection claim. Dckt. # 63, at 3, 9. Therefore, the court relied on

2    defendants' evidence of lockdowns imposed because of riots. *Id.* at 3-4, 8- 12. In short, the

3    magistrate judge gave detailed consideration to plaintiff's equal protection claim based on his

4    and defendants' construction of plaintiff's complaint. Plaintiff did not object to this treatment of

5    his claim when given the opportunity to do so following the issuance of the findings and

6    recommendations. The court declines to add an issue for trial when plaintiff could have made

7    these arguments during the summary judgment proceedings. Thus, plaintiff's first and second

8    objections are overruled.

9        With respect to plaintiff's third objection, the analysis and outcome are the same. In the

10   section enumerating the undisputed facts, the magistrate judge referred to a riot between rival

11   gangs allegedly occurring on October 3, 2002. Plaintiff objects that neither he nor defendants

12   asserted that there was a riot between rival gangs. However, as noted above, defendants

13   submitted evidence of lockdowns in order to defend against plaintiff's claim that they violated

14   equal protection in placing African-Americans on lockdown. They offered evidence of riots

15   between gangs divided along race lines in order to explain the lockdowns. One of those

16   lockdowns occurred on October 3, 2002. Thus, defendants placed that lockdown in issue.

17   Again, plaintiff could have, but did not, make this objection in response to the findings and

18   recommendations on summary judgment. Plaintiff's objection is overruled.

19       Plaintiff's fourth objection is related to his first two. In discussing the disputed factual

20   issues, the magistrate judge addressed only specific lockdowns. Plaintiff objects that the

21   magistrate judge should also have addressed the allegation that defendants were acting pursuant

22   to an unconstitutional policy. Again, this objection should have been raised in summary

23   judgment proceedings. The court declines to reframe the issues for trial at this time.

24   ///

25   ///

26   ///

Accordingly, it is ORDERED that:

1. Plaintiff's February 2, 2009, objections to the pretrial order are overruled;

2. The December 19, 2008, pretrial order now is final.

Dated: June 4, 2009.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

3